UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| State of Louisiana, | Civil Action No. _____ |
| --- | --- |
| Plaintiff, | |
| v. | |
| Pfizer Inc, | |
| Defendant. | |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Pfizer Inc ("Pfizer" or the "Defendant") hereby removes this case from the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, to the United States District Court for the Middle District of Louisiana on the basis that this action is subject to federal question jurisdiction. In support of this Notice of Removal, and in accordance with 28 U.S.C. § 1446(a), Pfizer states as follows:

## I. BACKGROUND

1. On October 21, 2013, plaintiff, the State of Louisiana, acting through James D. "Buddy" Caldwell, the Attorney General (the "Plaintiff"), filed this action in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, against Defendant. A true and correct copy of the Petition is attached hereto as Exhibit 1.

2. Plaintiff delivered the Petition and a Citation to Pfizer's registered agent on October 24, 2013. A true and correct copy of the Citation is attached hereto as Exhibit 2.

3. This action involves allegations regarding Zoloft®, a prescription drug manufactured by Pfizer and approved by the United States Food and Drug Administration (the "FDA") for a variety of treatments, including depression.

4. Plaintiff alleges that Pfizer violated the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 41:1401 *et seq.*, the Louisiana Medical Assistance Program Integrity Law, La. Rev. Stat. § 46:437.1 *et seq.*, and a variety of other Louisiana civil code provisions because Pfizer's marketing, promotion, and sale of Zoloft as an effective treatment for depression, the very use for which the FDA approved the drug, allegedly was false, misleading, unfair and deceptive.

5. Although Plaintiff bases its claims on state statutes, the premise of those claims is that the FDA erred in approving Zoloft as a safe and effective medication for treating depression and, therefore, Pfizer could not market, promote or sell Zoloft for the treatment of depression. Plaintiff's claims, at their core, fundamentally challenge the FDA's approval of Zoloft for the treatment of depression.

6. The Federal Food, Drug & Cosmetic Act (the "FDCA") tasks the FDA with approving drugs for human use. Under the authority granted to it by the FDCA, the FDA approved Zoloft for the treatment of depression in 1991. By challenging Pfizer's marketing, promotion and sale of Zoloft for uses for which the FDA approved it, Plaintiff is substituting its judgment of the effectiveness of Zoloft for that of the FDA, calling into question the entire regulatory scheme by which prescription drugs are approved and thereby raising a substantial federal question.

## II. PARTIES

7. Plaintiff in this action is the State of Louisiana, acting by and through its Attorney General, James D. "Buddy" Caldwell.

8. Defendant in this action is Pfizer, a Delaware corporation with its principal place of business in New York, New York. Pfizer is principally engaged in the manufacture and sale of pharmaceutical products.

### III. TIMELINESS OF REMOVAL

9. Plaintiff delivered the Petition and Citation to Pfizer's registered agent on October 24, 2013.

10. This Notice of Removal is timely, pursuant to 28 U.S.C. §1446 and Rule 6(a) of the Federal Rules of Civil Procedure, in that it was filed within thirty (30) days of service of the Petition. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (time for removal runs from receipt of formal service of process).

### IV. VENUE

11. Venue for this action is proper in this Court because it is the court for the "district . . . embracing" the Parish of East Baton Rouge, *i.e.*, "the place where such action is pending." 28 U.S.C. §§ 98(b), 1441(a).

### V. BASIS FOR REMOVAL JURISDICTION – FEDERAL QUESTION

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims turn on federal questions "arising under" the laws of the United States. Federal question jurisdiction exists where "the plaintiff's right to relief necessarily depends on resolution of *a substantial question of federal law*." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (emphasis added). Plaintiff's claims in this case are premised on questions about the efficacy of a drug that the FDA has approved as safe and effective pursuant to the FDCA. To determine whether Plaintiff can succeed on its claims under state statutes, any

court necessarily must address the FDA's approval of Zoloft under the FDCA. Plaintiff's claims, therefore, arise under the laws of the United States pursuant to 28 U.S.C. § 1331.

13. In its Petition, Plaintiff asserts six claims against Pfizer: (1) violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPCPL"); (2) violation of the Louisiana Medical Assistance Program Integrity Law ("LMAPIL"); (3) fraud; (4) negligent misrepresentation; (5) unjust enrichment; and (6) redhibition. *See, e.g.,* Pet. ¶¶ 50-61. Plaintiff, however, cannot avoid federal jurisdiction merely by styling its claims as based on state law or asserting that its claims do not state a federal cause of action. *See* Pet. ¶ 8.

14. In *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the United States Supreme Court recognized that it consistently has held "for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312. In affirming the removal of the state law claims in that case, the *Grable* Court held that "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify the resort to the experience, solicitude and hope of uniformity that a federal forum offers on federal issues." *Id.* The Court explained that the test for whether a federal court should hear a case under this doctrine is not whether the federal statute provides a parallel private right of action, but whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

15. Consistent with *Grable*, the United States Court of Appeals for the Fifth Circuit has held that "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is

Case 3:13-cv-00727-BAJ-RLB   Document 1   11/07/13   Page 4 of 11

substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008); *see also Hughes v. Chevron Phillips Chem. Co.*, 478 Fed. App. 167 (5th Cir. 2012). All four of these conditions are present here, and removal is therefore appropriate.

A.   **A Resolution of Plaintiff's Claims Depends on Resolving Federal Issues.**

16.   Louisiana premises its claims in this case on the contention that, despite the FDA's determination that Zoloft is an effective treatment for depression, Pfizer's representations to patients and physicians about Zoloft's efficacy allegedly were false because, according to Plaintiff, Zoloft is not effective in treating depression. As a result of Pfizer's allegedly false representations, Plaintiff contends that physicians prescribed Zoloft to Louisiana Medicaid recipients and Plaintiff paid providers who dispensed Zoloft to those recipients. Notably, Plaintiff does not allege that Pfizer promoted the drug for off-label uses (*i.e.*, uses for which Zoloft was not approved). Rather, Plaintiff simply disagrees with the FDA and alleges that Zoloft was not effective for the treatment of depression, and as a result Pfizer caused "thousands of false and deceptive claims to be made to the State." Pet. ¶ 1.

17.   As marketed, promoted and sold, Zoloft was (and is) subject to extensive regulation by the FDA. The FDCA requires the FDA to ensure that "drugs are safe and effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and officially reviewing clinical research and taking appropriate action on the marketing of regulated products." 21 U.S.C. § 393(b)(1).

18.   To accomplish this purpose, the FDA maintains the Center for Drug Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical companies' development, testing, research and manufacture of drugs. The CDER examines data generated by these companies to

conduct a risk/benefit analysis and make an approval decision. The CDER also ensures truthful advertising for prescription drugs, in part by approving package inserts that properly outline benefit and risk information. Once drugs are marketed, the CDER continues to monitor them for unexpected health risks that may require public notification, a change in labeling or removal of the product from the market. In short, the CDER evaluates and monitors the efficacy and safety of prescription drugs. *See* http://www.fda.gov/aboutfda/centersoffices/officeofmedical productsandtobacco/cder/faqsaboutcder/default.htm.

19. FDA, through CDER, originally approved Zoloft in 1991 for treatment of depression. Since 1991, FDA has approved Zoloft for treatment of a variety of other conditions, including panic disorder, post-traumatic stress disorder, obsessive-compulsive disorder, premenstrual dysphoric disorder, and social anxiety disorder. In each of these approval processes, the FDCA required the FDA to evaluate the safety and effectiveness of Zoloft before making a finding that it was safe and effective for treatment of the condition for which Pfizer sought approval. 21 U.S.C. § 393(b)(2)(B).

20. The FDA's responsibility to regulate prescription drugs sold in the United States, including the approval of such drugs for various uses, is plenary and exclusive. See 21 U.S.C. § 301 *et seq.*

21. Federal courts have upheld the removal of cases involving Louisiana state law claims based on facts similar to those here. For example, several states, including Louisiana, brought separate actions against Eli Lilly based on allegations of off-labeling marketing of Zyprexa. In many of those cases, including the Louisiana action, Eli Lilly successfully removed the complaints to federal court and joined them in multi-district litigation, despite the states' reliance on state statutes as the basis for their claims. *See, e.g., Foti ex rel Louisiana v. Eli Lilly*, 375 F.

Supp. 2d 170, 172 (E.D.N.Y. 2005). Likewise, in *Foti ex rel. Louisiana v. Merck and Co.*, Louisiana brought state law claims, including for violations of the LUTPCPL and unjust enrichment, related to Merck's alleged off-label marketing of the drug Vioxx. *See* Civ. No. 2:05-cv-03700 (E.D. La. 2005). Merck also successfully removed that case to federal court.

22. Unlike the claims in the above-referenced cases, which involved allegations of pharmaceutical companies promoting drugs for uses *not approved* by the FDA, here, Plaintiff claims that Zoloft was ineffective for the very use for which the FDA *approved* it, which necessarily calls into question such approval. By questioning the approval process, Plaintiff has made a violation of federal law a critical element of its claims against Pfizer. Accordingly, Plaintiff's claims regarding the efficacy of Zoloft, as well as the marketing, promotion, and sale thereof, necessarily raises substantial federal questions by requiring the Court to interpret the meaning of the FDCA and its implementing regulations. Resolving such issues of federal law is therefore necessary to the resolution of Plaintiff's claims.

**B.    The FDA's Approval of Zoloft Is Central to the Parties' Dispute.**

23. The gravamen of Plaintiff's action is that Pfizer committed fraud by marketing, promoting and selling Zoloft for a use for which the FDA approved Zoloft. In effect, Plaintiff is calling into question the entire regulatory scheme by which the FDA approves drugs. *See, e.g.*, Pet. ¶ 20 ("For [new drug] approval, the FDA requires *only* two (2) controlled clinical trials that produce statistically significant efficacy results, even if every other trial produced negative efficacy results.") (emphasis added).

24. Not only do Plaintiff's claims question the entire drug approval scheme, but this action also calls into question the process by which the FDA approved Zoloft, suggesting that the studies that FDA accepted were somehow flawed and that FDA never should have approved

4122912v1                                                    7
Case 3:13-cv-00727-BAJ-RLB   Document 1   11/07/13   Page 7 of 11

Zoloft because four of the six trials submitted by Pfizer allegedly showed that Zoloft was no more effective than a placebo. *See* Pet. ¶¶ 23, 24; *see also* Pet. ¶ 16 (The FDA "*hesitantly* approved [Zoloft] for the treatment of major depressive disorder.") (emphasis added); Pet. ¶ 26 ("FDA ultimately approved Zoloft, but *not without reservation*.") (emphasis added).

25. Given that Plaintiff predicates the entirety of the Petition on the contention that Zoloft is ineffective for the treatment of depression, despite approval for its use in this manner from the federal regulatory agency with responsibility for determining its safety and effectiveness, the federal question is undoubtedly central to this dispute.

**C. The Federal Government Has a Substantial Interest in the Drug Approval Process.**

26. The approval of new drugs and their efficacy, and the regulation of pharmaceutical companies' compliance with the federal regulatory scheme, are unquestionably areas of substantial interest to the federal government.

27. In *Grable,* the Supreme Court noted that federal question jurisdiction is appropriate in cases where there is a federal interest in "claiming the advantages thought to be inherent in a federal forum." 545 U.S. at 313. The Court held that, in that case, "[t]he meaning of a federal tax provision is an important issue of federal law that sensibly belongs in federal court." *Id.* at 315. Likewise, the meaning and scope of the exclusively federal regulation of the approval of prescription drugs "is an important issue . . . that sensibly belongs in federal court." *Id.*

**D. Providing a Federal Forum Will Not Disturb the Balance of Federal and State Judicial Responsibilities.**

28. Balancing between federal and state judiciaries in this case leans towards a federal forum. The federal government has a substantial interest in having a federal court determine whether the FDA's approval of Zoloft was flawed and whether Pfizer's conduct amounted to a fraud on the FDA.

4122912v1                                           8

Case 3:13-cv-00727-BAJ-RLB   Document 1   11/07/13   Page 8 of 11

29. Given that Congress has given FDA plenary authority to enforce the FDCA, having this case heard in the federal court does not "raise[] the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress," and there will be little to no disruptive effect in exercising federal jurisdiction. *Grable*, 545 U.S. at 314.

30. Further, because FDCA claims are the purview of federal, not state law, this does not risk sweeping into federal court innumerable state law claims. *See Duane Morris*, 538 F.3d at 340.

31. Finally, a comparison of the relative complexity of the federal and state law that would be applied also argues in favor of a federal forum. To the extent Plaintiff's claims would require a federal court to apply Louisiana state law, the questions raised by that process will involve relatively straightforward applications. In contrast, a state court hearing Plaintiff's claims would be required to interpret and apply a complex federal regulatory scheme. Accordingly, there is a benefit to the "consistency of [a federal] forum." *Grable*, 545 U.S. at 319.

## VI. BASIS FOR REMOVAL JURISDICTION – COMPLETE PREEMPTION

32. In addition to federal jurisdiction being appropriate because Plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law," *Franchise Tax Bd.*, 463 U.S. at 27-28, federal question jurisdiction also is appropriate under the doctrine of complete preemption.

33. "[W]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

34. Here, complete preemption exists because, as explained above, Congress has so thoroughly and intentionally regulated the approval of prescription medications that any challenge that calls into question such approval necessarily states a federal cause of action. *See,*

*e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001) (state law "fraud on the FDA" claims are preempted). The Louisiana action is effectively an attempt at state-level enforcement of provisions of the FDCA that are reserved to federal agencies, as the FDCA explicitly provides that all actions to enforce it "shall be by and in the name of the United States." 21 U.S.C. § 337(a).

## VII. EFFECTUATION OF REMOVAL AND APPLICABLE PROCEDURAL REQUIREMENTS

35. Pfizer hereby removes this matter to the United States District Court for the Middle District of Louisiana based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. This matter may be removed without regard to the citizenship or residence of the parties, in accordance with 28 U.S.C. § 1441(b) and (c).

36. Pursuant to 28 U.S.C. § 1446(a), Pfizer attaches a copy of all process, pleadings and orders served on Pfizer in the Action. *See* Exhibits 1 and 2.

37. Pursuant to 28 U.S.C. § 1446(d), Pfizer is providing written notice of the filing of this Notice of Removal to Plaintiff and will file a written notice of removal with the Clerk of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, in the form of notice attached as Exhibit 3.

Case 3:13-cv-00727-BAJ-RLB   Document 1   11/07/13   Page 10 of 11

WHEREFORE, Pfizer hereby removes this action to the United States District Court for the Middle District of Louisiana.

DATED: November __, 2013

KEAN MILLER LLP

By: /s/ Linda S. Ackchin
LINDA S. AKCHIN (LA # 17904)
LINDA G. RODRIGUE (LA # 20599)
JENNIFER JONES THOMAS (LA # 26532)
400 Convention Street, Suite 700
P. O. Box 3513
Baton Rouge, Louisiana 70802
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

*Of Counsel*

MILTON A. MARQUIS
JASON D. WALLACH
AARON R. LANCASTER
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
Attorneys for Defendant, Pfizer Inc

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2013, I served a copy of the foregoing pleading on all known parties or their counsel of record via e-mail, facsimile, Fed-ex, and/or by United States mail, properly addressed, and first class postage prepaid.

/s/ Linda S. Ackchin
Linda S. Ackchin